# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JODIE L. BRIBIESCA,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

    Defendant,

Case No. 19-1339-DDC-ADM

## MEMORANDUM AND ORDER

Plaintiff Jodie L. Bribiesca brought this lawsuit under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), seeking to recover long-term disability benefits from Defendant Metropolitan Life Insurance Company ("MetLife"). This case is now before the court on Plaintiff's Motion to Allow Conflict Discovery (ECF No. 10) and Defendant's Motion to Limit Discovery (ECF No. 11). By way of these motions, the parties dispute whether and to what extent the court should permit discovery in this action. For the reasons explained below, the court finds that plaintiff is entitled to limited discovery on the issue of MetLife's alleged dual-role conflict of interest as the plan administer and payor. Therefore, the court grants Ms. Bribiesca's motion and denies MetLife's motion.

## I. BACKGROUND

Ms. Bribiesca alleges she has been insured under a long-term employee disability policy that MetLife issued to Ms. Bribiesca's employer, One Gas, Inc. (ECF No. 1-1, at ¶ 8.) Ms. Bribiesca alleges a lengthy history of health problems that ultimately led her to apply for long-term disability benefits under the policy. (*Id.* at ¶ 10-11.) MetLife denied Ms. Bribiesca's claim

and subsequent appeal. (*Id.* at ¶ 16.) Ms. Bribiesca filed this ERISA action, alleging that MetLife's denial of benefits was arbitrary and capricious and that MetLife is a "conflicted fiduciary" because it serves the role of both the plan administrator and the entity that pays benefits for approved claims. (*Id.* at ¶ 15-16.)

The undersigned set this case for a scheduling conference and directed the parties to review relevant Tenth Circuit authority concerning the scope of discovery in an ERISA denial-of-benefits case. (ECF No. 9, at 2.) The court instructed the parties, in the event they disagreed about the appropriate scope of discovery, to file competing motions on the issue. (*Id.*) Those motions are now before the court. Ms. Bribiesca requests that the court allow her to conduct discovery limited to the extent of MetLife's alleged efforts to insulate its benefits determinations from its dual role as both the plan administrator and payor of approved claims. MetLife requests that the court limit discovery to the administrative record, which consists of Ms. Bribiesca's claim file and the plan documents.

## II. ANALYSIS

The standard of review in an ERISA denial-of-benefits challenge is significant to determining whether discovery is appropriate. The Supreme Court has held "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The court applies an arbitrary-and-capricious standard of review when the plan gives the administrator discretionary authority, as is the case with the MetLife policy at issue in this case. *DeGrado v. Jefferson Pilot Fin. Ins. Co.*, 451 F.3d 1161, 1167 (10th Cir. 2006). When reviewing a plan administrator's decision under an arbitrary and capricious standard, "the district court

generally may consider only the arguments and evidence before the administrator at the time it made that decision." *Sandoval v. Aetna Life and Cas. Ins. Co.*, 967 F.2d 377, 380 (10th Cir. 2002). Because of this, extra-record discovery is generally disallowed when it goes to substantive evidence regarding the administrator's benefits determination. *See Murphy v. Deloitte & Touche Group Insurance Plan*, 619 F.3d 1151, 1162 (10th Cir. 2010) (citing *Woolsey v. Marion Laboratories*, 934 F.2d 1452, 1460 (10th Cir. 1991) ("[i]n determining whether the decision was supported by substantial evidence, we consider only the facts before the Administrators at the time of their decision")). In these situations, "a general prohibition on extra-record supplementation makes sense," because "[b]oth a plan participant and an administrator have a fair opportunity to include in the record materials related to the participant's eligibility for benefits." *Id.* at 1159.

But an exception exists where a plaintiff alleges a dual-role conflict of interest—*e.g.*, that the defendant both administered the plan and insured/paid out of the plan. *See Id.* at 1162. In *Murphy v. Deloitte & Touche Group Insurance Plan*, the Tenth Circuit relied on *Metropolitan Life Insurance Company v. Glenn*, in which the Supreme Court instructed that the district court must weigh a conflict of interest and give it appropriate weight depending on the circumstances. *Id.* at 1116 (citing *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 117-18 (2008)). It is possible that "without discovery, a claimant may not have access to the information necessary to establish the seriousness of the conflict." *Id.* at 1157-58. And so, "at least in some cases, discovery and consideration of extra-record materials may be necessary and appropriate as an administrative record is not likely to contain the details of a history of biased administration of claims." *Id.* at 1161. Because of this, the district court "may permit extra-record discovery related to a dual role conflict of interest." *Id.* at 1160.

The Tenth Circuit rejected special procedural or evidentiary rules for ERISA cases and instead directed courts evaluating requests for extra-record discovery to apply FED. R. CIV. P. 26(b)(1) "just as we would apply that rule to other discovery requests." *Id.* at 1162. Since the Tenth Circuit decided *Murphy*, Rule 26(b) was amended to reflect that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In other words, considerations of both relevance and proportionality now expressly govern the scope of discovery. FED. R. CIV. P. 26(b)(1) advisory committee's note to the 2015 amendment; *see also Murphy*, 619 F.3d at 1162-63 (applying proportionality considerations by noting that discovery must not be overly burdensome, cumulative, or unduly expensive). "The party moving to supplement the record or engage in extra-record discovery bears the burden of showing its propriety." *Id.* at 1163.

Here, the parties agree that MetLife acted in a dual role both as the plan's administrator and its payor. Ms. Bribiesca argues that she requires extra-record discovery because red flags in the administrative record call into question MetLife's efforts to mitigate against its own conflict of interest. Specifically, she states that MetLife contracted with an unqualified physician, who lacked appropriate experience and training in the relevant medical fields, to perform Ms. Bribiesca's independent medical evaluation. Ms. Bribiesca also notes that the physician performs most of his work for MetLife and that another federal district court gave this physician's opinion no weight because it was contrary to other medical professionals' opinions. *See Green v. Union Sec. Ins. Co.*, 700 F. Supp. 2d 1116, 1136 (W.D. Mo. 2010), *rev'd on other grounds,* 646 F.3d 1042 (8th Cir. 2011) (finding the administrator's decision was supported by sufficient evidence). Ms. Bribiesca argues that MetLife either failed to investigate problems with this physician or knew of the problems and embraced them. She also argues that MetLife used improper internal appellate

procedures in that a claims handler who initially denied her claim remained involved with her case after she filed an appeal.

MetLife opposes Ms. Bribiesca's request for extra-record discovery and generally disagrees that these examples form an appropriate basis for extra-record discovery. MetLife relies on the declaration of its vice president of U.S. claims to support its position that it adopted appropriate procedures to protect the independence of the claims process. The declaration states that MetLife adjudicates claims based on the terms of the applicable plan and that its finances are kept separate from its claims-handling processes. (ECF No. 11-1.) It notes that these two departments are housed in geographically separate offices and that claims specialists do not report to finance department employees and that finance department employees do not direct or have any involvement with claims determinations. (*Id.* at 2.) According to the declaration, MetLife employees receive no incentives for the number of claims denied. (*Id.*) The declaration lends support to MetLife's position that its dual-role as administrator and payor did not influence any benefits determination, but Ms. Bribiesca is not necessarily bound to take MetLife's word for it, particularly when the 1.5-page declaration lacks specific detail. MetLife also disputes that the physician who performed Ms. Bribiesca's IME lacked the appropriate qualifications, and MetLife contends that Ms. Bribiesca's assertions that a claim specialist was impermissibly involved in her appeal is based on a misunderstanding of the administrative record.

The court cannot resolve these factual disputes on this record, which, importantly, does not include the administrative record; rather, the issue here is whether limited discovery on the alleged dual-role conflict appears relevant. Ms. Bribiesca's statements are sufficient to establish some level of relevance at this stage of the proceedings. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (stating relevance is "construed broadly to encompass any matter that bears

on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"); *see Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (applying *Oppenheimer* after the 2015 amendment); *see also Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (analyzing the 2015 amendment and concluding that it did not change discovery's scope but clarified it, and therefore *Oppenheimer* still applies).

MetLife also argues that extra-record discovery is not proportional to the needs of the case, but MetLife's position on this point is largely policy based and would apply to nearly every ERISA denial-of-benefits case—*e.g.,* that discovery in general would run counter to ERISA's goal of assuring the speedy, inexpensive, and efficient resolution of claims. MetLife does not make any particularized arguments that targeted discovery would be unduly burdensome, cumulative, or otherwise objectionable. The court will be available to address any such objections in more specific contexts as the case proceeds. Nothing in this order precludes MetLife from lodging appropriate discovery objections or seeking further relief from the court if the parties cannot resolve discovery disputes. *See Baty v. Metro. Life Ins. Co.*, No. 17-1200-EFM-GEB, 2017 WL 4516825, at *4 (D. Kan. Oct. 10, 2017) (noting that much of the case law on this issue involves reviewing specific extra-record discovery requests noting the difficulty in reaching conclusions on a general motion for leave to take extra-record discovery).

## III. CONCLUSION

Ms. Bribiesca has pleaded a dual-role conflict of interest and has met her burden to show that limited discovery on this issue appears relevant. Therefore, the court grants Ms. Bribiesca's motion and denies MetLife's motion insofar as the court will allow limited, targeted discovery on the issue of whether MetLife's dual role as plan administrator and payor impacted its decision-making process. At the upcoming scheduling conference, Ms. Bribiesca should be prepared to

discuss her proposed discovery topics, and both parties should be prepared to address discovery limitations that ensure both proportionality and the efficient and timely resolution of this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Allow Conflict Discovery (ECF No. 10) is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion to Limit Discovery (ECF No. 11) is denied.

**IT IS SO ORDERED.**

Dated February 28, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
